UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| JEFFREY JACKSON, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:10-cv-1255 |
| | ) |
| v. | ) Honorable Paul L. Maloney |
| | ) |
| ROBERT HOLMES BELL, | ) |
| | ) **MEMORANDUM OPINION** |
| Defendant. | ) |

This is a civil rights action brought *in forma pauperis* against Judge Robert Holmes Bell, a judge of this court. Plaintiff's handwritten one-page complaint accuses Judge Bell of denying plaintiff due process of law by transferring a previous lawsuit (*Jackson v. Federal Bureau of Prisons, et al.*, case no. 1:10-cv-829) to the Northern District of Texas on grounds of improper venue. The docket sheet in that case discloses that plaintiff filed a complaint on August 20, 2010, against the Federal Bureau of Prisons and unknown employees, all of whom were located in the State of Texas. By order entered September 10, 2010, Magistrate Judge Joseph Scoville entered an order transferring the case to the Northern District of Texas. Plaintiff sought reconsideration by the district judge, as allowed by Fed. R. Civ. P. 72(a). On October 1, 2010, Judge Bell entered an order denying plaintiff's motion for reconsideration, in which Judge Bell confirmed that venue in the Western District of Michigan was not proper under 28 U.S.C. § 1391(b).

Plaintiff's present case (one of numerous, frivolous actions plaintiff has brought in this court *in forma pauperis*) asserts that Judge Bell's order denied plaintiff due process of law. The

court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. The plaintiff "must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 129 S. Ct. at 1949, 1950). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Any claim for damages against Judge Bell arising from his judicial act of transferring venue from one federal court to another is barred by the doctrine of absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9 (1991). Judicial immunity is overcome only in two circumstances.

First, a judge is not immune for non-judicial actions. Second, immunity does not attach to actions, even if judicial in nature, done in excess of all jurisdiction. *Id.* at 11. The previous case had been properly assigned to Judge Bell, Judge Bell had jurisdiction to review the order of the magistrate judge under 28 U.S.C. § 636(b)(1)(A), and the decision to transfer venue is clearly a judicial act. Indeed, only a federal judge can transfer a civil action from one district to another. To the extent that plaintiff seeks injunctive relief requiring retransfer of the case from Texas to this court, such relief is beyond the authority of this court. Plaintiff's remedy was to seek review in the Sixth Circuit Court of Appeals, not to bring a frivolous lawsuit against the district judge who was merely applying the law.

As noted, plaintiff has recently filed numerous, frivolous lawsuits in this court, each time *in forma pauperis*. The ability to bring lawsuits without payment of the statutory filing fee is a privilege, not a right. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). Courts have discretion to revoke that privilege in the case of repeated abuse. *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996). The court hereby puts plaintiff on notice that the maintenance of further frivolous lawsuits may result in the revocation of plaintiff's ability to proceed in this court *in forma pauperis*.

Plaintiff's complaint against defendant will be dismissed on grounds of absolute judicial immunity and for failure to state a claim upon which relief can be granted for injunctive relief.


Dated: December 21, 2010          /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  Chief United States District Judge